IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LORETTA MARTIN,

                Plaintiff,

v.                                                OPINION and ORDER

KILOLO KIJAKAZI,                                  21-cv-219-jdp
Acting Commissioner of Social Security.

                Defendant.

---

Dana W. Duncan, counsel for plaintiff Loretta Martin, moves under 42 U.S.C. § 406(b) for a fee award of $6,957.08. Dkt. 23. Martin was awarded $27,828.30 in past-due benefits. Dkt. 23-2. Counsel's requested fee represents 25 percent of Martin's past-due benefits, so it falls within the amount allowed by statute and the parties' fee agreement. Dkt. 23-1. Counsel was previously awarded $5,430.92 in fees under the Equal Access to Justice Act (EAJA). Dkt. 22. Counsel asks the court to award only the net amount of $1,526.16, the difference between the total fee award and the EAJA award that he already received, and allow him to retain the EAJA award.

The Commissioner doesn't oppose the fee amount, which the court agrees is reasonable. The total amount of time that counsel's firm spent on this case for proceedings in this court was 19.2 hours of attorney time and 15.65 hours of paralegal time. Dkt. 23-3. If paralegal time is excluded from the calculation, counsel's effective rate is $362.35 per hour. If the paralegal time were factored into the analysis, the effective rate would be substantially lower. This court has approved higher rates before under § 406(b). *See, e.g., DeBack v. Berryhill*, No. 17-cv-924-jdp, Dkt. 31 (W.D. Wis. May 4, 2020) (approving effective rate of $800 per hour); *Fischer v. Saul*, No. 17-cv-327-jdp, 2019 WL 5310676 (W.D. Wis. Oct. 21, 2019) (approving effective

rate of $641 per hour). Counsel's requested fee is within bounds of what is reasonable in light of counsel's experience, risk of non-recovery, the work performed, the results obtained, and the amounts awarded in similar cases.

The Commissioner raises a concern with the "netting" procedure of awarding the difference between the total fee award and the EAJA award and allowing counsel to retain the EAJA award. Dkt. 26, at 2–3. The Commissioner suggests that awarding the net amount, here $1,526.16, obscures the true total fee that counsel will receive. *Id.*, at 2. The Commissioner acknowledges that the use of the netting procedure is within the discretion of the court, but asks that the court to clarify the details of the award in its order.

As this court found in a recent case, the Commissioner's request is a reasonable one. *Seidler v. Kijakazi*, 19-cv-579-jdp, Dkt. 33. The netting procedure requires fewer transactions, and it doesn't require the plaintiff to wait for counsel to issue a reimbursement check for the EAJA fees. But as in *Seidler*, the court will adopt the order language proposed by the Commissioner, and it will continue to do so in future representative fee awards.

ORDER

IT IS ORDERED that:

1. Counsel's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 23, is GRANTED.

2. The court approves representative fees under § 406(b) in the gross amount of $6,957.08.

3. Counsel may retain the $5,430.92 previously awarded in EAJA fees in partial satisfaction of the § 406(b) award.

4. The net amount of $1,526.16 shall be disbursed by the Commissioner from any of plaintiff's past-due benefits being withheld and in accordance with agency policy.

Entered June 22, 2023.

                                                  BY THE COURT:

                                                  /s/

                                                  _____
                                                  JAMES D. PETERSON
                                                  District Judge